IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARIA DEL CARMEN VALDIVIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-CV-767-CAN |
| | § | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY, | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant's Motion to Remand [Dkt. 12]. Having considered the Motion, Response, and all other relevant filings, the Court finds that Defendant's Motion is **GRANTED**.

### BACKGROUND

#### I. PROCEDURAL HISTORY OF THE CASE

On May 1, 2012, Plaintiff filed her application for disability benefits under Title II of the Social Security Act ("Act"), alleging an onset of disability date of September 21, 2011 [TR at 11]. The claim was initially denied by notice on July 19, 2012, and again upon reconsideration on October 19, 2012, after which Plaintiff timely requested a hearing before an administrative law judge ("ALJ"). *Id*.

The ALJ conducted a hearing on September 4, 2013, and heard testimony from Plaintiff and Donald Anderson, Ed.D., a vocational expert. *Id*. Plaintiff was represented by counsel at the hearing. *Id*. On October 22, 2013, the ALJ issued his decision finding, at step five of the prescribed sequential evaluation process, that Plaintiff was not disabled prior to

September 8, 2013; but was disabled beginning September 8, 2013, and continuing through the date of the ALJ's decision. *Id.* at 11-18.

On November 25, 2014, Plaintiff filed her Complaint in this Court, seeking judicial review of the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g), as well as a finding that: (1) the Commissioner's decision is erroneous; and (2) Plaintiff is entitled to benefits [Dkt. 1]. Plaintiff filed her Brief on May 4, 2015 [Dkt. 10]. On July 6, 2015, the Commissioner filed its Motion to Remand and the Administrative Record was received from the Social Security Administration [Dkt. 12; Dkt. 14]. Plaintiff filed her Response in Opposition to Defendant's Motion to Remand on July 10, 2015 [Dkt. 15].

## II. STATEMENT OF RELEVANT FACTS

### 1. *Age, Education, and Work Experience*

Plaintiff was born on September 8, 1963, and was forty-nine (49) years old on the date of the hearing before the ALJ [TR at 26]. Plaintiff completed the ninth grade, but discontinued her education after her marriage. *Id.* Plaintiff has past relevant work experience as a housekeeper. *Id.* at 117.

### 2. *Relevant Medical Evidence*

Plaintiff's medical records reflect she suffers from status post-left knee replacement, arthroplasty, diabetes mellitus, and essential hypertension [TR at 13-17]. Of particular import to this opinion are the medical records and/or opinions of Dr. Michael Taba ("Dr. Taba") and Dr. Richard Brown ("Dr. Brown"), Plaintiff's treating physicians. On August 13, 2012, Dr. Taba, Plaintiff's treating orthopedic surgeon, wrote a letter stating that Plaintiff was unable to work due to scar tissue in her left knee, left hip, and left shoulder. *Id.* at 271. Dr. Taba noted that Plaintiff underwent a total knee replacement on March 1, 2012, and that she was "permanently disabled."

*Id.* On July 17, 2013, Dr. Taba further assessed the severity of Plaintiff's impairments and functional limitations, opining that Plaintiff suffered from pain, weakness, swelling, and instability, which would interfere with Plaintiff's attention and concentration needed to perform even simple work tasks. *Id.* at 464. As a result, Dr. Taba predicted that Plaintiff would be "off-task" at least fifteen percent (15%) of the work day. *Id.* Dr. Taba also noted that Plaintiff would be unable to perform routine, repetitive tasks at a consistent pace, detailed or complicated tasks, or fast-paced tasks. *Id.* Dr. Taba found that Plaintiff would require unscheduled hourly breaks throughout the day for longer than ten (10) minutes, and that Plaintiff would be absent from work approximately two (2) days per month due to her impairments. *Id.* at 465. Dr. Taba found that Plaintiff could rarely lift ten (10) pounds and occasionally lift less than ten (10) pounds. *Id.*

On August 5, 2013, Dr. Brown submitted a medical source statement indicating that his treatment of Plaintiff began in March of 2012, and that Plaintiff suffered from osteoarthritis/degenerative joint disease in the left knee, which caused pain, gait impairment, and reduced range of motion. *Id.* at 523. Like Dr. Taba, Dr. Brown also opined that Plaintiff's pain and other symptoms would interfere with Plaintiff's attention and concentration needed to perform even simple work tasks, such that Plaintiff would be "off-task" at least fifteen percent (15%) of the work day. *Id.* Dr. Brown found that Plaintiff would require more than hourly unscheduled breaks for ten (10) minutes, and would likely miss approximately three (3) days of work per month due to her impairments, symptoms, or treatments. *Id.* Dr. Brown noted that Plaintiff required the use of a cane when standing or walking, and that Plaintiff could sit for twenty (20) minutes at a time and stand for ten (10) minutes at a time before she needed to change positions. *Id.* at 525. In Dr. Brown's opinion, Plaintiff could stand and/or walk for two (2) hours or less during the workday and would need a job that allowed her to shift positions.

*Id.* Dr. Brown did not believe that Plaintiff could work full-time on a sustained basis due to pain and weakness. *Id.*

## III. FINDINGS OF THE ALJ

### 1. *Sequential Evaluation Process*

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 416.920(a)(4). First, a claimant who is engaged in substantial gainful employment at the time of her disability claim is not disabled. 20 C.F.R. § 416.920(b). Second, the claimant is not disabled if her alleged impairment is not severe, without consideration of her residual functional capacity, age, education, or work experience. 20 C.F.R. § 416.920(c). Third, if the alleged impairment is severe, the claimant is considered disabled if her impairment corresponds to a listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if she has the residual functional capacity to perform her past work.[1] 20 C.F.R. § 404.920(f). Finally, a claimant who cannot return to her past work is not disabled if she has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1520(g). Under the first four steps of the analysis, the burden lies with the claimant to prove disability and at the last step the burden shifts to the Commissioner. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If at any step the Commissioner finds that the claimant is or is not disabled, the inquiry terminates. *Id.*

---

[1] Before evaluating step four of the sequential evaluation analysis, the ALJ must determine the claimant's residual functional capacity, which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairment. *See* 20 CFR 404.1520(e).

ORDER – Page 4

## 2. ALJ's Disability Determination

After hearing testimony and conducting a review of the facts of Plaintiff's case, the ALJ made the following sequential evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, September 22, 2011 [TR at 13]. At step two, the ALJ determined that Plaintiff had the following severe impairmets: status post-left knee replacement, arthroplasty; diabetes mellitus; and essential hypertension. *Id*. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. *Id*. at 14. At step four, the ALJ found that Plaintiff had the residual functional capacity to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a), and that since September 22, 2011, Plaintiff has been unable to perform her past relevant work. *Id.* at 15-16. The ALJ noted that prior to the established disability onset date, Plaintiff was a "younger individual age 45-49," but on September 8, 2013, the claimant's age category change to an "individual closely approaching advanced age." *Id.* at 16. The ALJ then concluded at step five that prior to September 8, 2013, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. *Id*. at 16-17. However, the ALJ also found that, beginning on September 8, 2013 - the date Plaintiff's age category changed - no jobs existed in significant numbers in the national economy that Plaintiff could perform. *Id.* at 17. Accordingly, the ALJ found Plaintiff was not disabled prior to September 8, 2013, but became disabled on September 8, 2013, and continued to be disabled through the date of the ALJ's decision. *Id*.

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F. 2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). Additionally, any conflicts in the evidence, including the medical evidence, are resolved by the ALJ, not the reviewing court. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook*, 750 F.2d at 393. "Substantial gainful activity" is determined by a five-step sequential evaluation process, as described below. 20 C.F.R. § 404.1520(a)(4).

## ANALYSIS

The Commissioner moves the Court to remand this action under sentence four of 42 U.S.C. § 405(g) for further development of the record and a new administrative decision so that the ALJ can resolve certain alleged factual conflicts in the ALJ's decision [Dkt. 12 at 1-2]. More specifically, the Commissioner contends that remand is required because of two conflicting factual determinations: (1) the ALJ found that Plaintiff had the residual functional capacity to perform the full range of sedentary work [TR at 15-16]; and (2) the ALJ found that the opinions

of Plaintiff's treating physicians, Drs. Taba and Brown, were entitled to controlling weight [TR at 16]. The Commissioner asserts that these findings conflict because Drs. Taba and Brown included functional limitations in their opinions that essentially established Plaintiff could not perform the full range of sedentary work [Dkt. 12 at 2].

Plaintiff contends that remand is not appropriate because the evidence in the record is sufficient for the Court to reverse the Commissioner's decision and remand such decision for payment of benefits prior to September 8, 2013 [Dkt. 15 at 2]. More specifically, Plaintiff agrees that the ALJ's factual determinations gave controlling weight to the opinions of her treating physicians, which limited her to "less than sedentary exertional activity level." *Id.* (citing TR at 14, 16). Plaintiff argues, however, that the ALJ's finding that Plaintiff was limited to sedentary work was merely an oversight on the part of the ALJ, "considering that in the body of the finding [the] ALJ explained his reasoning and why he gave controlling weight to the opinions that Plaintiff was limited to less than sedentary work" [Dkt. 15 at 3]. Plaintiff urges the Court to direct the Commissioner to award benefits without further development or rehearing because the uncontroverted evidence clearly establishes that she is entitled to relief and/or that additional fact-finding will serve no useful purpose. *Id*.

Sentence four of 42 U.S.C. § 405(g) authorizes a district court "to enter… a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 296-97 (1993). Where the apparent purpose of a remand is to bring about further fact-finding and evaluation of existing facts, the remand is a fourth sentence remand. *Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000). Courts direct the Commissioner to award benefits without further development or rehearing rarely, and only when uncontroverted evidence clearly

establishes that claimants are entitled to relief, or when additional fact-finding will serve no useful purpose. *See, e.g., Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (remand awarding benefits is appropriate when "given the available evidence, remand for additional fact-finding would [not] serve [any] useful purpose but would merely delay the receipt of benefits"); *McQueen v. Apfel*, 168 F.3d 152, 156 (5th Cir. 1999); *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993) (holding that an award of benefits is appropriate only when all factual issues have been resolved and "the record can yield but one supportable conclusion").

The Court agrees with the Commissioner that the ALJ's decision contains two conflicting findings, which fact prohibits this Court from rendering judgment and awarding benefits in favor of Plaintiff at this juncture. An award of benefits would require the Court to make a de novo determination regarding conflicting evidence: whether the ALJ intended to give controlling weight to the medical opinions of Drs. Taba and Brown – that Plaintiff was limited to less than sedentary work – or whether the ALJ intended to conclude that Plaintiff's residual functional capacity was limited to sedentary work [TR at 15]. Such a de novo review is not appropriate. *See Bowling*, 36 F.3d at 434.

The ALJ described the opinions of Drs. Taba and Brown as "well-supported by medical documentation as well as trained observations" and found their opinions "consistent with the other evidence in the record." *Id*. at 16. The ALJ finds that these opinions are entitled to controlling weight. *Id*. However, Plaintiff's treating physicians' opinions place exertional limitations on Plaintiff that prevent her from sustaining work at even a sedentary level (a fact which is noted by the ALJ in his decision). *Id.* at 14, 16. After making these factual findings, the ALJ inconsistently concludes that Plaintiff is capable of performing work at a sedentary level. *Id.* at 15-16. These two findings conflict, and the Commissioner's decision should be

remanded to resolve this factual incompatibility. Plaintiff's argument that this inconsistency is merely an oversight may very well be; but regardless, the findings of the ALJ are unclear from the record. The Court cannot overlook this "oversight" and render a judgment in Plaintiff's favor without improperly reweighing the evidence and substituting its judgment for that of the Commissioner. *Bowling*, 36 F.3d at 434. Accordingly, the Court finds that the decision of the Commissioner should be remanded to reconcile these inconsistencies.

## CONCLUSION

Because the factual findings of the ALJ are inconsistent and these conflicting determinations cannot be resolved by the Court at this juncture, the Court finds that Defendant's Motion to Remand [Dkt. 12] is **GRANTED**, and that a final judgment will be entered ordering that Defendant Commissioner's October 22, 2013 unfavorable decision denying Plaintiff's claims for disability insurance benefits be **REVERSED** and **REMANDED** under the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings.

It is further **ORDERED** that the Commissioner conduct a new hearing before an ALJ on Plaintiff's application for disability within sixty (60) days of the date of this order.

It is further **ORDERED** that at step four of the sequential evaluation, an ALJ shall conduct further review of the administrative record and fully develop the factual findings regarding the weight to be given to the opinions of Plaintiff's treating physicians and Plaintiff's resulting residual functional capacity.

**SIGNED this 2nd day of November, 2015.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE