IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARIA DEL CARMEN VALDIVIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-CV-00767-CAN |
| | § | |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## AMENDED MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's post-judgment Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 ("Plaintiff's Motion") [Dkt. 20] and Memorandum in Support [Dkt. 21]. The Court previously entered an Order on February 11, 2016 granting Plaintiff's Motion and awarding fees and costs to Plaintiff under the EAJA [Dkt. 24]. Subsequent to entry of the Order, Plaintiff filed a second Motion for Attorney Fees ("Second Motion") requesting additional fees under the EAJA for defense of the original EAJA request [Dkt. 25]. The Commissioner does not oppose Plaintiff's request for additional fees [Dkt. 26]. Accordingly, having now considered the original Motion [Dkt. 20], Memorandum in Support [Dkt. 21], Response [Dkt. 22], Reply [Dkt. 23], Second Motion [Dkt. 25], Response to Second Motion [Dkt. 26], and all other relevant filings, the Court finds that each of Plaintiff's Motion and Second Motion should be **GRANTED.** Accordingly, the Court now issues this Amended Order, hereby vacates its prior February 11 Order [Dkt. 24], and finds that Defendant Commissioner shall pay five thousand nine hundred and twenty four dollars

and seventy six cents ($5,924.76) as reasonable attorney's fees and costs, made payable to Plaintiff, such payment to be mailed to Plaintiff's counsel.

## PROCEDURAL HISTORY OF THE CASE

On October 22, 2013, the ALJ issued a decision finding that Plaintiff Maria Del Carmen Valdivia ("Plaintiff") was not disabled prior to September 8, 2013, but was disabled beginning September 8, 2013, continuing through the date of the ALJ's decision. On November 25, 2014, Plaintiff filed her Complaint in this Court, seeking judicial review of the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g) [Dkt. 1]. On January 27, 2015, the Commissioner answered Plaintiff's Complaint [Dkt. 6]. Plaintiff filed her Brief in support of benefits on May 4, 2015 [Dkt. 10]. On July 6, 2015, the Commissioner filed its Motion to Remand seeking remand under sentence four of 42 U.S.C. § 405(g) for further development of the record and a new administrative decision [Dkt. 12]. Also on July 6, 2015, the Administrative Record was received from the Social Security Administration [Dkt. 14]. Plaintiff filed her Response in Opposition to Defendant's Motion to Remand on July 10, 2015 [Dkt. 15]. Plaintiff's Response opposed Defendant's request to remand for further development of the record arguing that the Commissioner failed to identify any specific evidence that must be further developed and advocated instead for a remand for an award of benefits. *Id*. On November 2, 2015, an Order was entered remanding the decision of the ALJ [Dkt. 18], and a Final Judgment was entered on that same date [Dkt. 19]. On December 2, 2015, Plaintiff's application seeking an award of attorney's fees was filed [Dkt. 20]. On December 3, 2015, the Commissioner filed a Response opposing the number of hours requested [Dkt. 22]. On December 9, 2015, Plaintiff filed a Reply [Dkt. 23]. On February 11, 2016, this Court entered an Order granting Plaintiff's Motion and ordering Defendant Commissioner to pay four

thousand seven hundred and fifty seven dollars and seventy six cents ($4,757.76) as reasonable attorney's fees and costs, made payable to Plaintiff, such payment to be mailed to Plaintiff's counsel [Dkt. 24]. Following entry of the Court's February 11 Order, Plaintiff filed a Motion for Additional Attorney Fees under the EAJA, requesting the Court to award her additional fees incurred in defending the initial EAJA request [Dkt. 25]. The Commissioner, responded to Plaintiff's Second Motion on February 29, 2016, advising there was no objection to an additional award, but requesting (so that confusion would not result) the Court to amend its February 11 Order and enter an Order combining the awards under both Plaintiff's original Motion and Second Motion [Dkt. 26]. The Court does so herein.

## LEGAL STANDARD

The Equal Access to Justice Act empowers courts to award attorney's fees to parties who prevail in litigation against the United States. In order to award attorney's fees in a social security action under the EAJA, a court must determine that: (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," (3) there are no special circumstances that make an award unjust, and (4) the requested fees and costs are reasonable. 28 U.S.C. § 2412(d)(1)(A); 28 U.S.C. § 2412(b). The burden of proving substantial justification is on the government. *Sims v. Apfel*, 238 F.3d 597, 602 (5th Cir. 2001). "Substantial justification" under the EAJA means that the government's position must have a reasonable basis both in law and in fact. *Id.* However, as the fee applicant, the claimant has the burden of demonstrating the reasonableness of any hours expended. *Von Clark v. Butler,* 916 F.2d 255, 259 (5th Cir. 1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1941)).

**ANALYSIS**

Plaintiff argues, by way of her original Motion, that she is a prevailing party entitled to attorney's fees and costs under the EAJA. Specifically, Plaintiff contends that she was a prevailing party in her action against the Commissioner because the Court remanded the case under sentence four of 42 U.S.C. § 405(g) [Dkt. 21 at 2]. Plaintiff also asserts that the Commissioner's position was not substantially justified. *Id*. at 2-3. The Commissioner does not contest that Plaintiff is entitled to an award of EAJA fees in this case; however, the Commissioner does oppose the Motion on the grounds that Plaintiff's requested fees should be reduced [Dkt. 22 at 1]. The Commissioner argues that Plaintiff's counsel assumed an unsuccessful litigation posture in opposing her Motion to Remand; and, cannot therefore be considered a "prevailing party" and further that the government is "substantially justified" with respect to the Motion to Remand. *Id*. at 2-4.

**I.   PLAINTIFF IS A PREVAILING PARTY**

To reiterate, Plaintiff argues that she is a "prevailing party" because she received a remand order from this Court on November 2, 2015 under sentence four of 42 U.S.C. § 405(g) [Dkt. 21 at 2; Dkt. 23 at 2-3]. In *Shalala v. Schaefer*, the Supreme Court made clear that "a party who wins a sentence four remand is a prevailing party." 509 U.S. 292, 302 (1993). Therein, the Court reasoned that "[o]btaining a sentence four judgment reversing the…denial of benefits certainly meets the description" of a plaintiff who has "succeeded on any significant issue in litigation which achieve[d] some of the benefit…sought in bringing suit." *Id*.

Notwithstanding, the Commissioner asserts that Plaintiff is not the "prevailing party" to the extent she "assumed an unsuccessful litigation posture" by opposing the Commissioner's Motion to Remand [Dkt. 22 at 3]. Notably, the Commissioner does not oppose an award of fees

to Plaintiff – but merely seeks a reduction in the total number of hours sought by Plaintiff. *Id*. at 1. The Commissioner, in not opposing an award of fees, effectively concedes that Plaintiff constitutes a "prevailing party" for purposes of the EAJA. The degree of Plaintiff's overall success goes to the reasonableness of the award and not to the availability of a fee award. *See e.g., Hardy v. Callahan*, 19997 WL 470355, *5 (E.D. Tex. Aug. 11, 1997). Thus, the Commissioner's argument, while postured as an assertion that Plaintiff is not a "prevailing party," is that any award to Plaintiff should be discounted for certain aspects of the litigation on which Plaintiff did not succeed, which is properly considered *infra* in connection with this Court's determination of the reasonableness of Plaintiff's itemized fee request.

Here, it is undisputed by both Plaintiff and the Commissioner that this Court ordered remand pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff, accordingly, received "some of the benefit in bringing the suit," *Shalala*, 509 U.S. at 302, and is therefore – pursuant to ample precedent – a prevailing party. *See id*. at 302 (holding that a party that wins sentence four remand is a "prevailing party" under EAJA); *Sullivan v. Finkelstein*, 496 U.S. 617, 618 (1990); *Murkeldove v. Astrue*, 635 F.3d 784, 792 (5th Cir. 2011); *Rubio v. Colvin*, No. 4:13cv03700, 2014 WL 5343558, *1 (S.D. Tex. Oct. 20, 2014); *Edwards v. Astrue*, No. H090977, 2010 WL 1658399, *1 (S.D. Tex. Apr. 22, 2010); *Beck v. Barnhart*, No. 1:05cv116, 2006 WL 4756448, *2 (E.D. Tex. March 15, 2006); *Hardy v. Callahan*, No. 9:96cv257, 1997 WL 470355, *5 (E.D. Tex. Aug. 11, 1997).

## II. THE COMMISSIONER'S POSITION WAS NOT SUBSTANTIALLY JUSTIFIED

As a prevailing party, Plaintiff is entitled to recover fees incurred in her civil action against the Commissioner unless the position of the United States was substantially justified (or special circumstances make an award unjust). 28 U.S.C. § 2412(d)(1)(A).

Section 2412(d)(1)(B) of the EAJA provides in pertinent part:

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). Thus, the position of the government includes not only the position that it took in the court proceeding, but also the position taken in the underlying administrative proceeding as well. *See Commissioner INS v. Jean,* 496 U.S. 154, 158-60 (1990); *Hardy*, 1997 WL 470355 at *5. Moreover, and to reiterate, the burden of proving substantial justification is on the government. *Sims v. Apfel*, 238 F.3d 597, 602 (5th Cir. 2001). Accordingly, in order to avoid an assessment of fees, the Commissioner must make a showing that her actions – both at the agency level and before the Court – had a reasonable basis both in law and in fact. *Id.*

Plaintiff argues that the Commissioner's position was not substantially justified, as evidenced by her request to remand the case for further development [Dkt. 21 at 2]. In her Response, the Commissioner wholly fails to substantively address whether the government's position during the administrative proceedings was substantially justified, and argues only that the government's burden is met with respect to the pending civil action [Dkt. 22 at 4-5]. Specifically, the Commissioner asserts that her position "with regard to the Motion to Remand" was reasonable (i.e. that the Commissioner identified error and requested remand so that the error could be corrected) and thus is substantially justified. *Id.*

The Commissioner has not cited any cases which hold that, if the Commissioner determines that the underlying administrative decision is not defensible and that remand is the right result, that a subsequent EAJA application must be denied. Indeed, the case law suggests the exact opposite – that is, that "[t]he government thus must justify both positions [i.e. the administrative position and the litigation position] to avoid liability for EAJA fees." *Torres v.*

*Barnhart*, No. 02civ9209, 2007 WL 1810238, *9 (S.D.N.Y June 25, 2007); s*ee also Hardy*, 19997 WL 470355 at *5; *Lewis v. Commissioner*, No. 2:12cv0490, 2014 WL 4794415, *3 (S.D. Ohio Sept. 25, 2014).

The Commissioner failed to meet her burden; particularly where, as here, the Commissioner initially answered the suit, requesting the Court dismiss Plaintiff's Complaint and affirm the Commissioner's decision [Dkt. 6]. The Commissioner moved to remand only after the brief submitted by Plaintiff's attorney identified that a factual conflict existed with respect to the ALJ's finding on Plaintiff's residual functional capacity [Dkt. 12]. Nowhere does the Commissioner argue that the agency decision which was the subject of the initial complaint was substantially justified; rather, the Commissioner "conceded error" [Dkt. 22 at 1]. The lack of substantial justification for the agency decision, in and of itself, is sufficient to support an award of fees under the EAJA. *Torres*, 2007 WL 1810238 at *9; *Hardy*, 19997 WL 470355 at *5; *Lewis,* 2014 WL 4794415 at *3. Consequently, the Court concludes that Plaintiff may obtain fees in this case.

### III. NO SPECIAL CIRCUMSTANCES EXIST

The Commissioner further argues that special circumstances exist here because Plaintiff pursued a remand for benefits and unsuccessfully opposed the Commissioner's Motion to Remand for further development [Dkt. 22 at 5-6]. The Commissioner argues that such special circumstances dictate a reduction in Plaintiff's fee award. *Id.* As with the "prevailing party" prong, "special circumstances" is directed to the availability of fees, not the amount thereof. *Lewis,* 2014 WL 4794415 at *3. The Commission has advanced no argument that special circumstances would make an award unjust. Plaintiff is entitled to an award of fees.

## IV. REASONABLENESS OF ITEMIZED FEE REQUEST

The last item this Court must consider is the reasonableness of Plaintiff's requested fee award. In Plaintiff's Motion, Plaintiff details and/or itemizes the hourly rate and hours that counsel worked on her case [Dkt. 21; Exhibit A]. Plaintiff's counsel seeks an EAJA award of 24.5 hours at the rate of $185.41 per hour for 2014 and $186.72 for 2015, for a total of $4,571.04. *Id.*

### i. *Hourly Rate*

The EAJA provides that attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff seeks an award of fees at the rate of $185.41 per hour for 2014 and $186.72 for 2015, which the Court finds is proper. Again, although Congress capped the statutory hourly rate for attorney's fees at $125.00, this rate is typically adjusted upward to reflect increases in the cost of living since that time. *See e.g., Washington v. Barnhart*, 93 F.App'x 630, 631 (5th Cir. 2004). Moreover, the Commissioner does not object to Plaintiff's counsel's cost-of-living enhancement [Dkt. 22 at 1]. Therefore, the Court will award fees based upon the rate of $185.41 per hour for 2014 and $186.72 for 2015.

### ii. *Number of Hours Worked*

Next, the Court must next determine whether the hours claimed by Plaintiff's attorney are reasonable, or excessive. *See Hall v. Shalala*, 50 F.3d 367, 368 (5th Cir.1995) (citing *Pierce v. Underwood*, 487 U.S. 552, 570 (1988)). Attorneys submitting a fee request pursuant to the EAJA "are required to exercise billing judgment." *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir.1996) (citation omitted). The Fifth Circuit has stated that "[t]he

district court is required to determine 'whether particular hours claimed were reasonably expended.'" *Id.* at 768 (citation omitted). The Court should utilize the twelve factors[1] set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974) in evaluating a fee award under the EAJA. *Armstrong v. Astrue*, 305 Fed. App'x 244, 245 n.1 (5th Cir. 2008). However, the Court is not required to examine each of the twelve factors "independently if it is apparent that the Court has arrived at a just compensation based upon appropriate standards." *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, *2 (5th Cir. Sept. 19, 2005) (citation omitted). Plaintiff has the burden of establishing the reasonableness of the number of hours expended on the prevailing claim. *Sanders*, 2005 WL 2285403 at *1 (citing *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990)).

The Commissioner has objected to the number of hours requested by Plaintiff and argues that the number of hours should be reduced because Plaintiff was not a prevailing party for purposes of the Motion to Remand and her opposition to the government's request to remand unnecessarily prolonged the litigation [Dkt. 1-5]. Based on this argument, the Commissioner requests that Plaintiff's claim for fees be reduced by 5.5 hours, which is the amount of time Plaintiff's counsel itemizes for opposing the Motion to Remand. *Id*.

Although the case was remanded for further administrative consideration under sentence four, rather than for an award of benefits, Plaintiff certainly succeeded in obtaining some of the relief she sought. The Commissioner did not consent or move for remand at the outset of the

---

[1] The twelve factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

litigation but first answered [Dkt. 6] and then waited until time was expended on the preparation of Plaintiff's Brief [Dkt. 10]. Only after Plaintiff's Brief was filed did the Commissioner move for remand (without filing a responsive brief) [Dkt. 12]. Thus counsel's representation was instrumental in precipitating a favorable judgment of remand. Moreover, the mere fact that the Court ultimately remanded for further consideration does not indicate that Plaintiff did not have good cause and/or did not seek remand for an award of benefits in good faith. Absent evidence that Plaintiff was purposefully delaying, it was not unreasonable for Plaintiff to oppose the Commissioner's position on remand (particularly in light of the Commissioner's earlier delay in seeking remand). Plaintiff is entitled to recover compensation for those hours.

Also to be considered, the typical EAJA application in social security cases claims between twenty and forty hours. While the Court is not bound by these precedents, they are nonetheless instructive. Plaintiff's requested hours fall well within this targeted range. *See Hardy*, 1997 WL 470355 at *9 (finding the typical EAJA application in social security cases claims between thirty and forty hours); *Hayes v. Astrue*, No. 3:09cv2018G, 2010 WL 5479611, *3 n. 1 (N.D. Tex. Dec. 3, 2010). Plaintiff may reasonably request compensation for 24.5 hours. Accordingly, the Court finds Plaintiff is entitled under her original Motion to an attorney's fee award in the amount of $4,571.04.

V.  **PLAINTIFF'S REQUEST FOR ADDITIONAL FEES (SECOND MOTION)**

Lastly, and the subject of Plaintiff's Second Motion, the Supreme Court has held that an award of attorney's fees under the EAJA encompasses not only the fees incurred in the litigation on the merits, but also the fees incurred by the prevailing party in protecting the EAJA fee award in subsequent litigation by the government over the propriety or amount of the EAJA fee award.

*INS v. Jean*, 496 U.S. 154 (1990). Thus, Plaintiff may request reasonable compensation for the hours expended in defending her initial EAJA request.

Plaintiff has requested that the Court award her additional fees in the amount of one thousand three hundred fifty three dollars and seventy two cents ($1,353.72), which such amount represents the additional fees incurred in defending Plaintiff's original Motion [Dkt. 25 at 1]. The Commissioner does not oppose Plaintiff's request and agrees that the additional amount requested is reasonable [Dkt. 26 at 1]. Accordingly, the Court finds Plaintiff is entitled to an additional attorney's fee award here, for fees incurred to protect the EAJA award, in the amount of $1,353.72.

## CONCLUSION

The Court's February 11 Order is vacated [Dkt. 24]. The Court hereby enters this Amended Order. Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act [Dkt. 20] is **GRANTED**. Plaintiff's Motion for Additional Attorney Fees under the Equal Access to Justice Act [Dkt. 25] is similarly **GRANTED**. Defendant Commissioner shall pay a sum total of five thousand nine hundred and twenty four dollars and seventy six cents ($5,924.76) as reasonable attorney's fees and costs, made payable to Plaintiff, such payment to be mailed to Plaintiff's counsel.

**IT IS SO ORDERED.**
**SIGNED this 18th day of March, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE